No. 25-10534

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

W.M.M., *ET AL.*,[1]
(Detained),

Petitioners,

v.

DONALD J. TRUMP, *ET AL.*,
United States President,

Respondents.

**RESPONDENTS' MOTION TO REMAND**

Respondents-Appellees respectfully request that this Court remand to the district court for 60 days for the limited purpose of allowing the district court to decide whether to grant a preliminary injunction. *See Texas v. DHS*, No. 23-50869, Dkt. 117-1 (ordering limited remand for 60 days for additional fact finding). This appeal originated from inaction on a request for a temporary restraining order for a putative class that, even if granted, would have long-since expired. A short remand will allow the parties to develop the record and for the district court to decide in the first instance whether preliminary injunctive relief is warranted. Plaintiffs will not be

---

[1] On April 21, 2025, the district court changed the caption of this case from *A.A.R.P.* to *W.M.M.*, based on an intervening motion filed by the nonprofit organization, AARP. All references to A.A.R.P. herein refer to the same case now captioned as *W.M.M.*

prejudiced by the short remand as the putative class remains subject to an injunction against removal consistent with the Supreme Court's May 16, 2025 order.

On May 21, 2025, undersigned counsel corresponded by email with Petitioner-Appellants' counsel regarding this motion. Petitioner-Appellants' counsel "oppose [the motion] given that, as the motions panel has already recognized, the Supreme Court ordered the Fifth Circuit to consider this case on an expedited basis, not remand to the district court."

## BACKGROUND

On April 16, 2025, Petitioners filed a petition (Dkt. No. 1), motion for temporary restraining order, and motion for class certification challenging their detention and removal pursuant to the Alien Enemies Act ("AEA") as invoked by Proclamation No. 10,903, *Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua*, 90 Fed. Reg. 13,033, 13,034 (Mar. 20, 2025) (the "Proclamation"). They contend that the Proclamation is inconsistent with the statutory requirements of the AEA and that it provides insufficient notice and opportunity for judicial review. The next day, the Court denied the motion for a temporary restraining order, (Dkt. No. 2), and the Northern District of Texas court reserved decision on the motion for class certification and appointment of class counsel (Dkt. No. 3). On April 18, 2025, Petitioners again moved for a temporary restraining order (Dkt. No. 30), and the court ordered the respondents to respond within twenty-four hours (Dkt. No. 29). Petitioners sought relief with this Court, which dismissed the appeal as premature under 28 U.S.C. § 1291(a)(1).

Petitioners next sought emergency relief with the Supreme Court. *See A.A.R.P.*, 145 S. Ct. at 1034. The Supreme Court issued emergency relief ordering "the government . . . not to remove any member of the putative class of detainees from the United States until further order of" the Supreme Court. *See A.A.R.P. v. Trump*, 145 S. Ct. 1034, 1034 (2025). On May 16, 2025, the Court vacated the judgment of this Court and remanded the case to this Court for further proceedings and directed this Court to proceed "expeditiously." *A.A.R.P. v. Trump*, 605 U.S. \_\_\_\_ (2025). On May 20, 2025, in a published order, this Court expedited the case to the next available oral argument panel, and set argument for June 30, 2025.

**ARGUMENT**

Respondents-Appellees respectfully request that the Court order a limited remand for the district court to decide whether to grant a preliminary injunction in this case. Remand will assist the Court's consideration of these matters and have no material impact on the putative class.

*First*, there is no underlying motion for this Court to act on without first returning the case to the district court for a decision on a preliminary injunction motion. To date, Petitioners have not sought any relief other than a temporary injunction order that, had it been granted, would have already expired of its own accord. *See* Fed. R. Civ. P. 65(b) (Temporary restraining orders generally are "not to exceed 14 days"). Appellate proceedings regarding that denial of a temporary restraining order that would have already expired of its own terms present a distinctly suboptimal vehicle to resolve the questions presented. In contrast, a

remand will allow the case to advance to an appropriate stage such that this Court can review the district court's decision on an appropriate motion.

*Second*, a remand will allow the parties to develop an appropriate record for deciding the appeal. The rapid pace of the litigation has deprived the government of the opportunity to develop a record on which the Court can decide the issue presented in the petition. On remand, the parties will have the opportunity to build a record that will meaningfully assist this Court's review.

*Third*, a remand will provide this Court with the benefit of a decision from the district court to review, rather than requiring this Court to decide legal issues in the first instance. This Court exists as a "a court of review, not first view." *Utah v. Su*, 109 F.4th 313, 318 (5th Cir. 2024). Permitting the district court to resolve the issues presented below on an expedited basis will provide both factual findings and legal reasoning that this Court can exercise appellate review of, rather than requiring this Court to decide all issues in the first instance.

*Finally*, Petitioners will not be prejudiced by a short, limited remand. The Supreme Court has enjoined the government from removing any members of the putative class under the AEA pending a decision by this Court and the Supreme Court's disposition of the petition for a writ of certiorari. Accordingly, the status quo will be maintained while the district court takes quick, necessary steps to ensure that this Court is able to make a fully-informed decision on the merits. Any potential prejudice could also be minimized by requiring proceedings below to conclude within 60 days, as this Court did in *Texas v. DHS*.

# CONCLUSION

For the foregoing reasons, the Court should order a limited remand for 60 days so that the district court can decide whether to grant or deny a preliminary injunction in the first instance.

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
United States Department of Justice

ANTHONY NICASTRO
Acting Director
Office of Immigration Litigation

SARAH S. WILSON
Assistant Director

*/s/ Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-9875

Dated: May 22, 2025            Counsel for Respondents

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Petitioners' counsel are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-9875
Attorney for Respondents

DATED: May 22, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the foregoing document complies with the type size and type face limitations of Federal Rules 32(a)(5) and (6) and the word limit in Federal Rule of Appellate Procedure 27(d)(2)(A), insofar as it is proportionately spaced, is printed in 14-point Times New Roman font, and contains 1,167 words.

*/s/ Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 514-9875

Dated: May 22, 2025