No. 25-10534

───────────────────────────────

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────────────────────

W.M.M., et al.,

Petitioners-Appellants,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States, et al.,

Respondents-Appellees.

───────────────────────────────

ON APPEAL FROM UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF TEXAS
Case No. 1:25-cv-00059-H
Agency Case Numbers:  244-147-155; 249-153-992; 240-730-011 (Detained)

───────────────────────────────

**OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD**

───────────────────────────────

YAAKOV M. ROTH
Principal Deputy
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
Counsel to
Assistant Attorney General
Office of Immigration Litigation

JOHN W. BLAKELEY
Senior Counsel

NANCY N. SAFAVI
Senior Trial Attorney
Office of Immigration Litigation

U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9875
Nancy.Safavi@usdoj.gov


Attorneys for Respondents-Appellees

Respondents-Appellees oppose Petitioners-Appellants Motion for Leave to Supplement the Record (Dkt 143-1) with the National Intelligence Council ("NIC") memorandum entitled "Venezuela: Examining Regime Ties to Tren de Aragua." This Court should deny Petitioners' motion because it presents an incomplete and inaccurate view of the facts and is procedurally improper.

*First*, the President is privy to a wide range of briefings, assessments, and evidence that are not and cannot be made public. *See Citizens Protective League v. Clark*, 155 F.2d 290, 294 (D.C. Cir. 1946) ("it is inconceivable that… the President should be compelled to spread upon the public record in a judicial proceeding the method by which the Government may detect enemy activity within our borders[.]"). The President has broad discretion to rely on some intelligence assessments over others in issuing a proclamation. *See Boumediene v. Bush*, 553 U.S. 723, 797 (2008) (Unlike the President, "most federal judges" do not "begin the day with briefings that may describe new and serious threats to our Nation and its people."). The evidence the President has seen, as reflected in the Proclamation (which is all that matters), is contrary to Petitioners' position. *See Ludecke v. Watkins*, 335 U.S. 160, 163 (1948) (holding that the AEA leaves the act of determining whether a "war" is ongoing to "the usual political agencies of the Government"). One gerrymandered report does not capture the universe of information the Commander in Chief has

available to him from intelligence sources around the globe. And it is not for Petitioners or courts to second guess what intelligence—out of the limited intelligence they are privy to—the President should have credited in issuing the Proclamation. *See J.A.V. v. Trump*, 2025 WL 1257450, at *10 (S.D. Tex. May 1, 2025) ("the court may not delve into whether the Executive Branch possesses sufficient support for its conclusion, or whether the court agrees with the Executive Branch's determinations.").

*Second*, and relatedly, the NIC memorandum does not and cannot override the President's findings. The President does not have to credit the NIC memorandum at all, much less over the FBI assessment or other evidence he might be privy too. The President gets to decide what evidence he finds credible. *See Citizens Protective League*, 155 F.2d at 294. Moreover, parts of the memorandum support the President's findings. For example, the memorandum details various ties and coordination between the Maduro regime and TdA, notes that the FBI and DHS made contrary findings in 2024, and references Chile's claims that Maduro coordinated with TdA in the murder of a dissident. Tab P at 2-5. Regardless, the NIC memorandum is not conclusive; at most it says the "Maduro Regime [is] Probably Not Directing TDA" but "Probably Maintains Ad Hoc Links." *Id.* at 2. The memorandum merely points out that several agencies do not have conclusive evidence tying TdA to Maduro, not that no such evidence exists. So, this selectively

chosen document does not represent the views of the Intelligence Community broadly, as demonstrated by the FBI assessment. Given the inconclusive nature of the memorandum and the other evidence the President had, the President was well within his authority to find that the Maduro regime is directing some of TdA's predatory actions within the Untied States. That is all that matters.

*Third*, the motion is procedurally improper and deprives Respondents of an adequate opportunity to respond. The Parties agreed to supplement the record with "relevant documents from other Alien Enemies Act cases." Dkt. 56. The FBI assessment was part of the record in *M.A.P.S. v. Garite*, No. 25-CV-00171-DB (W.D. Tex. 2025). This NIC memorandum was available to Petitioners long before this appeal. Yet Petitioners did not include this document in any district court case or in the Parties' joint stipulation. Dkt. 56. And, Petitioners opposed Respondents' request for a remand to address these kinds of evidentiary disputes. Dkt. 36. Only after Petitioners saw the force of Respondents' brief do they suddenly seek to include this memorandum on appeal. Doing so would deprive Respondents of a meaningful opportunity to dispute the contents and propriety of this document. *See Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) ("a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.") (quotation omitted). Petitioners had multiple chances to present this evidence but chose not to. They

should not be permitted to do so now on appeal and after Respondents have submitted their brief.

This Court should deny Petitioners' Motion to Supplement the Record.

Respectfully Submitted,

BRETT SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

TIBERIUS DAVIS
Counsel to Assistant Attorney General

ANTHONY NICASTRO
Acting Director
Office of Immigration Litigation

JOHN W. BLAKELEY
Senior Counsel

*/s/ Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
TX Bar No. 24042342
U.S. Dept of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station

Washington, DC 20044  
(202) 514-9875  
Nancy.Safavi@usdoj.gov

Dated: June 26, 2025                                Counsel for Respondents-Appellees

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I further certify that Petitioners-Appellants' counsel is a registered CM/ECF user and will be served through the CM/ECF system.

*/s/ Nancy Safavi*
NANCY N. SAFAVI
Senior Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
(202) 514-9875