# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 2, 2025
Lyle W. Cayce
Clerk

No. 25-10534

W.M.M., *on their own behalf and on behalf of others similarly situated*;
F.G.M., *on their own behalf and on behalf of others similarly situated*;
A.R.P., *on their own behalf and on behalf of others similarly situated*,

*Petitioners—Appellants*,

*versus*

Donald J. Trump, *in his official capacity as President of the United States*; Pamela Bondi, *Attorney General of the United States, in her official capacity*; Kristi Noem, *Secretary of the United States Department of Homeland Security, in her official capacity*; United States Department of Homeland Security; Todd Lyons, *Acting Director of the Director of United States Immigration and Customs Enforcement, in his official capacity*; United States Immigration and Customs Enforcement; Marco Rubio, *Secretary of State, in his official capacity*; United States State Department; Josh Johnson, *in his official capacity as acting Dallas Field Office Director for United States Immigration and Customs Enforcement*; Marcello Villegas, *in his official capacity as the Facility Administrator of* the Bluebonnet Detention Center; Phillip Valdez, *in his official capacity as Facility Administrator of* the Eden Detention Center; Jimmy Johnson, *in his/her official capacity as Facility Administrator of* the Prairieland Detention Center; Judith Bennett, *in her official capacity as Warden of the Rolling Plains Detention Center*,

*Respondents—Appellees.*

No. 25-10534

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:25-CV-59

---

## JUDGMENT

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that we GRANT a preliminary injunction blocking removal, leave in place the Government's updated notice, and REMAND for further proceedings consistent with this opinion. The Government is not enjoined from removing the named Petitioners and putative class members under other lawful authorities. Should the district court deny class certification, the preliminary injunction will automatically expire as to the putative class members unless an appeal of that order is timely sought and accepted by this court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

Irma Carrillo Ramirez, *Circuit Judge*, concurring in part and dissenting in part.

Andrew S. Oldham, *Circuit Judge*, dissenting.