No. 25-10534

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

W.M.M, F.G.M. AND A.R.P., *et al.*,

*Petitioners - Appellants*, v.

DONALD J. TRUMP,

in his official capacity as President of the United States, *et al.*,

*Respondents - Appellees*.

**On Appeal from**

United States District Court for the Northern District of Texas

No. 1:25-cv-59-H

**BRIEF AMICUS CURIAE OF DEMOCRACY DEFENDERS FUND AND FORMER GOVERNMENT OFFICIALS IN OPPOSITION TO RESPONDENTS-APPELLEES' PETITION FOR REHEARING EN BANC**

September 26, 2025

Norman L. Eisen
Stephen A. Jonas
Joshua G. Kolb
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958

Norman@democracydefenders.org
Steve@democracydefenders.org
Joshua@democracydefenders.org

Stuart M. Gerson
1227 25th Street NW, Suite 700
Washington, DC 20037
Tel: (202) 861-4180
SGerson@ix.netcom.com

*Counsel for* Amicus Curiae

i

<b>CERTIFICATE OF INTERESTED PERSONS</b>

No. 25-10534

W.M.M., <i>et al.</i>,

<i>Plaintiffs-Appellees</i>, v.

DONALD J. TRUMP, PRESIDENT OF THE United States, <i>et al.</i>,

<i>Defendants-Appellants.</i>

The undersigned counsel for *amicus curiae* certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Amici:**

Alan Charles Raul, Associate Counsel to the President in the Reagan Administration from 1986 to 1988.

Barbara Comstock, Representative of the 10th Congressional District of Virginia from 2015 to 2019 (R).

Christine Todd Whitman, Governor of New Jersey from 1994 to 2001 (R); Administrator of the Environmental Protection Agency in the George W. Bush Administration from 2001 to 2003.

Christopher Shays, Representative for the 4th Congressional District of Connecticut from 1987 to 2009 (R).

Donald B. Ayer, Deputy Attorney General in the George H.W. Bush Administration from 1989 to 1990; Principal Deputy Solicitor General in the Reagan Administration from 1986 to 1988; United States Attorney for the Eastern District of California from 1981 to 1986 in the Reagan Administration.

Mickey Edwards, Representative of the 5th Congressional District of Oklahoma from 1977 to 1993 (R).

Fern M. Smith, Judge of the U.S. District Court for the Northern District of California appointed by President Reagan from 1988 to 2005.

John J. Farmer Jr., New Jersey Attorney General from 1999 to 2002 (R); Assistant U.S. Attorney for the District of New Jersey from 1990 to 1994.

John McKay, U.S. Attorney for the Western District of Washington appointed by George W. Bush from 2001 to 2007.

Paul Rosenzweig, Deputy Assistant Secretary for Policy, Department of Homeland Security in the George W. Bush Administration from 2005 to 2009.

Peter Keisler, Acting Attorney General in the George W. Bush Administration in 2007; Assistant Attorney General for the Civil Division in the Bush Administration from 2003 to 2007; Principal Deputy Associate Attorney General and Acting Associate Attorney General in the Bush Administration from 2002 to 2003; Assistant and Associate Counsel to the President in the Reagan Administration from 1986 to 1988.

Philip Lacovara, Counsel to the Special Prosecutor, Watergate Special Prosecutor's Office in the Nixon Administration from 1973 to 1974.

Robert Shanks, Deputy Assistant Attorney General, Office of Legal Counsel in the Reagan Administration from 1981 to 1984.

Stanley A. Twardy, Jr., United States Attorney for the District of Connecticut from 1985 to 1991 and Chief of Staff to Connecticut Governor Lowell P. Weicker, Jr from 1991 to 1993.

Susan Molinari, Representative of the 14th Congressional District of New York from 1990 to 1993 and the 13th Congressional District of New York from 1993 to 1997 (R).

Tom Coleman, Assistant Attorney General of Missouri from 1969 to 1972; Missouri State Representative from 1973 to 76; Representative of the 6th Congressional District of Missouri from 1976 to 1993 (R).

Trevor Potter, Chairman of the Federal Election Commission and Commissioner of the Federal Election Commission from 1991 to 1995; General Counsel to John McCain's Presidential Campaign from 2000 to 2008.

Ty Cobb, Special Counsel to the President in the Trump Administration from 2017 to 2018 and Assistant U.S. Attorney for the District of Maryland from 1980 to 1986.

William F. Weld, Governor of Massachusetts from 1991 to 1997 (R) and United States Assistant Attorney General for the Criminal Division from 1986 to 1988.

William Joseph Walsh, Representative of the 8th Congressional District of Illinois from 2011 to 2013 (R).

## STATEMENT REGARDING PARTIES' CONSENT

Pursuant to Rule 29(a)(2) of the Federal Rules of Appellate Procedure, on or before September 26, 2025 counsel for Amici conferred with counsel for Appellants and counsel for Appellees, and all parties consented to the filing of this brief.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING PARTIES' CONSENT ........................................... iv

TABLE OF AUTHORITIES ................................................................................. vi

STATEMENT OF INTEREST AND ARGUMENT ................................................1

CERTIFICATE OF SERVICE .................................................................................6

CERTIFICATE OF COMPLIANCE ........................................................................6

# TABLE OF AUTHORITIES

**Cases**

*A. A. R. P. v. Trump*, 605 U.S. 91 (2025) ............................................................2,4

*A.S.R. v. President United States of America*, No. 25-2311 (3d Cir. July 29, 2025) 2

*Arevalo Milan v. Trump*, No. 25-4866 (9th Cir. Aug. 22, 2025)..............................3

*D.B.U. v. Trump*, No. 25-1265 (10th Cir. July 15, 2025).........................................3

*G.F.F. v. Trump*, No. 25-1671 (2d Cir. July 29, 2025) ............................................3

*Trump v. CASA, Inc.*, 606 U.S. 831 (2025)..............................................................4

*W.M.M. v. Trump*, No. 25-10534, 2025 WL 2508869 (5th Cir. Sept. 2, 2025). ....2,3

## STATEMENT OF INTEREST AND ARGUMENT

*Amicus Curiae* Democracy Defenders Fund ("DDF") is a bipartisan, nonprofit organization committed to upholding the rule of law and defending the Constitution.[1] The other *amici curiae* on this brief (collectively with DDF, "*Amici*") are conservative or independent former government and national security officials, including those who were elected as Republicans or served in Republican administrations. These *Amici* have collectively spent decades in public service in the federal government and state governments. They share a commitment to limited government, the rule of law, and protecting American public safety and national security, consistent with the Constitution and the nation's laws.

*Amici* previously submitted a brief on the merits of Defendant-Appellants' appeal, arguing that the President's invocation of the Alien Enemies Act (AEA) was both unlawful and unnecessary; and explaining how the Executive Branch has an array of tools—in both immigration and criminal law—to remove dangerous noncitizen gang members and other public safety and national security threats from the country. The panel correctly ruled that the AEA was not properly invoked and noted that the "other" "lawful authorities" *amici* raised were "potent" and provided

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), *Amici* affirm that no counsel for a party authored this brief in whole or in part, no party or counsel for a party contributed money that was intended to fund preparing or submitting this brief, and no person other than *Amici* or their counsel contributed money that was intended to fund the preparation or submission of this brief.

1

the Government with "substantial authority to remove TdA [Tren de Aragua] members independent of" the AEA. *W.M.M. v. Trump*, No. 25-10534, 2025 WL 2508869, at 20-21 (5th Cir. Sept. 2, 2025).

*Amici* now write before the full Circuit Court to express our view that the Court should deny the Government's petition for rehearing *en banc*. Given the importance and far-reaching impact of the proper interpretation of the AEA, the Supreme Court should have the opportunity to decide the merits of the issues presented in this appeal promptly. Moreover, denial of the Government's petition is counseled by the Supreme Court's instructions in this case, and the Government's request for rehearing *en banc* is inconsistent with its previously stated position in this and other AEA cases.

The Supreme Court, in remanding this case to the Fifth Circuit, ordered courts to "address AEA cases expeditiously" given "the significance of the Government's national security interests." *A. A. R. P. v. Trump*, 605 U.S. 91, 96 (2025). Following the Supreme Court's remand, the panel expedited resolution of the appeal and the Government cleared the field for this case to be the avenue through which the legal issues pertaining to the President's invocation of the AEA would be resolved. At the Government's request, the other circuit courts facing AEA-based appeals have paused their proceedings while this litigation proceeds. *See A.S.R. v. President United States of America*, No. 25-2311, (3d Cir. July 29, 2025) ECF No. 21 (staying

2

appeals and holding them in abeyance "pending the decision of the Fifth Circuit Court of Appeals in *W.M.M. v. Trump*, No. 25-10534 (5th Cir.) *and* the Supreme Court's decision on any petition for writ of certiorari therefrom") (emphasis added); *G.F.F. v. Trump*, No. 25-1671, (2d Cir. July 29, 2025) ECF No. 29 (holding appeal in abeyance "pending the Supreme Court's resolution of any petitions for certiorari from the Fifth Circuit's forthcoming decision in *W.M.M. v. Trump*, No. 25-10534 (5th Cir.), or, if such petition is granted, pending the Supreme Court's decision in that case"); *D.B.U. v. Trump*, No. 25-1265, (10th Cir. July 15, 2025) ECF No. 22 (holding appeal in abeyance pending the outcome of *W.M.M.*); *Arevalo Milan v. Trump*, No. 25-4866 (9th Cir. Aug. 22, 2025) (staying appeal "until proceedings in *W.M.M. v. Trump*, No. 25-10534 (5th Cir.) are complete, including the disposition of any petition for a writ of certiorari"). As a result, plaintiffs and impacted parties nationwide—and the courts that will adjudicate their disputes with the Government—await the outcome of this case, and the Supreme Court's ultimate resolution. Meanwhile, the Government has repeatedly sought—in this Court and others—expedited processes and review of the AEA cases, asserting the United States's extraordinary national security interests. But now, just before the final step in resolving the key contested issues presented by this appeal, the Government has asked this Court for another intermediate step.

Both parties in this litigation, and the Court itself, all know that this litigation will likely wind up back in front of the Supreme Court for a final resolution of the issues at stake. Indeed, final resolution by the Supreme Court would be "consistent with the Executive Branch's request for expedition." *A. A. R. P.,* 605 U.S. at 100 (Kavanaugh, J., concurring).

A detour for rehearing *en banc* is unnecessary and serves only to delay dispositive guidance on these critical issues. Even if the Government's petition were granted, the losing party of the *en banc* rehearing will undoubtedly petition for a writ of certiorari. Given the monumental and nationwide stakes of a ruling determining the legality of the President's Proclamation, the Supreme Court should be given the opportunity to consider whether it will grant review as swiftly as possible. That will not only lead to the quickest adjudication of this case; but will allow all the other AEA cases to proceed, and for all courts to apply a consistent understanding of the relevant law. *See Trump v. CASA, Inc.*, 606 U.S. 831, 876 (2025) (Kavanaugh, J., concurring) ("One of this Court's roles, in justiciable cases, is to resolve major legal questions of national importance and ensure uniformity of federal law."). Indeed, for those reasons among others, it is quite likely the Supreme Court will do so at the next available opportunity. *See A. A. R. P.*, 605 U.S. at 100 (Kavanaugh, J., concurring).

For all of the foregoing reasons, *Amici* urge the Court to deny the Government's petition for rehearing *en banc*.

Respectfully submitted,

/s/ *Norman L. Eisen*
Norman L. Eisen
Stephen A. Jonas
Joshua G. Kolb
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Steve@statedemocracydefenders.org
Joshua@statedemocracydefenders.org


Stuart M. Gerson
1227 25th Street NW, Suite 700
Washington, DC 20037
Tel: (202) 861-4180
SGerson@ix.netcom.com

*Counsel for* Amicus Curiae

September 26, 2025

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, an electronic copy of the foregoing brief amicus curiae was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the CM/ECF filing system and that service upon counsel for the parties will be accomplished using the CM/ECF system.

*/s/ Norman L. Eisen*
Norman L. Eisen

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 29(a)(5) because it has 994 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Norman L. Eisen*
Norman L. Eisen
