# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2025

Lyle W. Cayce
Clerk

_____

No. 25-10534

_____

W.M.M., *on their own behalf and on behalf of others similarly situated*;
F.G.M., *on their own behalf and on behalf of others similarly situated*;
A.R.P., *on their own behalf and on behalf of others similarly situated*,

*Petitioners—Appellants*,

*versus*

Donald J. Trump, *in his official capacity as President of the United States*; Pamela Bondi, *Attorney General of the United States, in her official capacity*; Kristi Noem, *Secretary of the United States Department of Homeland Security, in her official capacity*; United States Department of Homeland Security; Todd Lyons, *Acting Director of the Director of United States Immigration and Customs Enforcement, in his official capacity*; United States Immigration and Customs Enforcement; Marco Rubio, *Secretary of State, in his official capacity*; United States State Department; Josh Johnson, *in his official capacity as acting Dallas Field Office Director for United States Immigration and Customs Enforcement*; Marcello Villegas, *in his official capacity as the Facility Administrator of* the Bluebonnet Detention Center; Phillip Valdez, *in his official capacity as Facility Administrator of* the Eden Detention Center; Jimmy Johnson, *in his/her official capacity as Facility Administrator of* the Prairieland Detention Center; Judith Bennett, *in her official capacity as Warden of the Rolling Plains Detention Center*,

*Respondents—Appellees*.

No. 25-10534

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:25-CV-59

---

ON PETITION FOR REHEARING EN BANC

(Opinion September 2, 2025, 5 Cir., 2025, WL 2508869)

Before Elrod, *Chief Judge*, and Jones, Smith, Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:

A member of the court having requested a poll on the petition for rehearing en banc, and a majority of the circuit judges in regular active service and not disqualified having voted in favor,

IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs. Pursuant to 5th Circuit Rule 41.3, the panel opinion in this case dated September 2, 2025, is VACATED.

JAMES C. HO, *Circuit Judge*, concurring in grant of rehearing en banc:

Our colleague opposes rehearing en banc on grounds of delay. But the burden of any delay falls on the Government. And the Government asked for rehearing en banc, rather than seek certiorari in the Supreme Court. Perhaps we could have minimized delay by declaring last year in *United States v. Abbott*, 110 F.4th 700 (5th Cir. 2024), that the Judiciary has no business telling the Executive that it can't treat incursions of illegal aliens as an invasion.[1] But we are where we are. The issue is obviously compelling. I concur in the grant of rehearing en banc.

---

[1] As the Government points out in its petition for rehearing en banc, "[t]he border crisis grew so dire that Texas invoked the constitutional promise that the federal government 'shall protect each of [the States] against Invasion.'" Pet'n for Reh'g En Banc 4, *W.M.M. v. Trump*, No. 25-10534 (5th Cir. Sep. 22, 2025) (quoting U.S. CONST. art. IV, § 4, and citing Letter from Governor Abbott to President Biden 1-3 (Nov. 16, 2022)) (cleaned up).

SOUTHWICK, *Circuit Judge*, dissenting from the grant of rehearing *en banc*:[1]

This case concerns the President's invocation of the 1798 Alien Enemies Act. 50 U.S.C. §§ 21–24. On May 16, 2025, after a lightning-fast rise of the case from the Northern District of Texas, the Supreme Court remanded it to this court with instructions to provide the initial answers to two significant questions: (1) have the traditional factors for determining whether to issue a preliminary injunction been satisfied, and (2) what notice is due to the putative class prior to removal? *A.A.R.P. v. Trump*, 605 U.S. 91, 98–99, 145 S. Ct. 1364, 1370 (2025).

Despite the urging of one Justice, the Court considered it prudent to have this court make the first determinations. *See id.* at 99–100, 145 S. Ct. at 1370 (Kavanaugh, J., concurring). As is often written, that Court is one of review, not of first view. *See Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7, 125 S. Ct. 2113, 2120 (2005). While this court considered the case, the Supreme Court enjoined the Government from removing named plaintiffs and putative class members; the injunction would end only when the case returns to that Court and it either denies a petition for certiorari or sends down judgment. *A.A.R.P.*, 605 U.S. at 99, 145 S. Ct. at 1370. It also insisted that this court resolve the case promptly. *Id.* at 96, 145 S. Ct. at 1368 (stating that "lower courts should address AEA cases expeditiously").

Whether expeditiously or not, a panel of this court explained our divided views on those questions three and a half months later. *W.M.M. v. Trump*, No. 25-10534, 2025 WL 2508869 (5th Cir. Sept. 2, 2025). The three separate opinions were lengthy, explored the offered authorities and many more, and reached opposing determinations on both issues. The dissenting

---

[1] It is common when there are separate opinions at the time that the court denies rehearing *en banc* that other judges will join those opinions. Here, rehearing *en banc* has been granted. In order to avoid disclosing even part of the vote for that decision (beyond my own), no judges are shown as being in agreement with this opinion.

opinion's exposition of the arguments that the Alien Enemies Act was properly invoked could hardly have been more complete. The majority opinion did not exhibit similar exhaustiveness, but the analysis there was also far from succinct. A third opinion provided wise insights on one of the issues.

I see no purpose to be served by requiring this case to linger here for the many months that *en banc* rehearing would entail. The parties deserve conclusive answers that only the Supreme Court can give. That reality was noted by one of the Supreme Court Justices at the time of the remand here: "The circumstances call for a prompt and final resolution, which likely can be provided only by this Court." *A.A.R.P.*, 605 U.S. at 99–100, 145 S.Ct. at 1370–1371 (Kavanaugh, J., concurring). Though it may very well be that the views of a majority of the *en banc* court are the reverse of the views of a majority of the panel on the relevant issues, there is considerable cost in time and no benefit in the thoroughness of our response to the Supreme Court in discovering if that is so. Moreover, delay here will affect at least four of our sister circuits, which, at the request of the government, have stayed or held in abeyance other Alien Enemies Act cases pending resolution of this case by this court and the Supreme Court.[2]

Fortunately, Congress has provided for review by the Supreme Court when a significant case should reach that Court more promptly than the usual procedures would allow. "Cases in the courts of appeals may be reviewed by the Supreme Court by . . . writ of certiorari granted upon the petition of *any party* to any civil or criminal case, *before* or after *rendition of judgment* or decree." 28 U.S.C. § 1254(1) (emphasis added).

The Court has explained that a "victor" in litigation may seek appellate review under Section 1254(1) when they have a sufficient "interest

---

[2] *See* Brief *Amicus Curiae* of Democracy Defenders Fund and Former Government Officials at 2–3 (No. 25-10534).

in the outcome of [a litigated] issue" to present a case or controversy. *Camreta v. Greene*, 563 U.S. 692, 703, 131 S. Ct. 2020, 2029–30 (2011) (quoting *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper,* 445 U.S 326, 335 n.7, 100 S. Ct. 1166, 1172 (1980)(alterations in original)). That interest certainly exists here.

Nonetheless, petitioning for a writ of *certiorari* before judgment is an extraordinary procedure. Whether it would be used cannot be known.

A prompt, final resolution of this case is in the legitimate interests of all parties, whatever lesser interests of either side of the litigation might be served by the delay of *en banc* in this court. It is, I believe, also in the country's best interest that additional, necessarily inconclusive, inferior-court determinations not delay the Supreme Court's reclaiming this case. I therefore respectfully dissent from the grant of rehearing *en banc*.