*Via CM/ECF*

February 4, 2026

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

**Re: *W.M.M. v. Trump*, No. 25-10534 (*en banc*)**

Dear Mr. Cayce:

      Pursuant to the Court's January 28 Order, the parties respectfully submit this joint letter to update the Court on the status of the Petitioners.

      The government has removed all three named Petitioners—W.M.M., A.A.R.P., and F.G.M.—under the Immigration and Nationality Act. The parties agree, however, that this does not preclude this Court from deciding the questions identified by the Supreme Court, including the statutory merits question.

      The case was filed as a class action as to both the due process and statutory claims. *W.M.M. v. Trump*, 154 F.4th 207, 233–34 & n.9 (5th Cir. 2025). The Supreme Court granted Petitioners an injunction pending certiorari for a putative class. *A.A.R.P. v. Trump*, 605 U.S. 91, 98–99 (2025). The Supreme Court remanded several issues for the Fifth Circuit to address but did not remand on the issue of class wide relief. *Id.* Members of the putative class designated for removal under the Alien Enemies Act ("AEA") remain in detention within the district. Thus, the Defendants remain bound by that injunction as to those individuals, and Petitioners continue to seek relief.[1]

      The parties further agree that Petitioners can substitute additional AEA detainees as named class representatives by filing a motion, directly in this Court to expedite matters. *See* 1 Newberg & Rubenstein on Class Actions § 2:17 ("When mootness of the named plaintiff's claims occurs, intervention by absentee members

---

[1] Defendants do not concede that class wide relief is proper, but that issue is not before this Court.

1

is freely allowed in order to substitute them as class representatives," including "before a ruling on class certification.").[2]

| | |
|---|---|
| Dated: February 4, 2026 | Respectfully submitted, |
| | |
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | /s/ *Lee Gelernt*<br>Lee Gelernt<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION |
| TIBERIUS DAVIS<br>Counsel to Assistant Attorney General | 125 Broad Street, 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660 |
| ANTHONY NICASTRO<br>Acting Director<br>Office of Immigration Litigation | F: (332) 220-1702<br>lgelernt@aclu.org<br><br>Counsel for Petitioners-Appellants |
| JOHN W. BLAKELEY<br>Senior Counsel | W.M.M., F.G.M., A.R.P., et al. |
| NANCY N. SAFAVI<br>Senior Trial Attorney | |

s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Assistant Attorney Gen.
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave., N.W.
Washington D.C. 20530
(202) 514-2331
Drew.C.Ensign@usdoj.gov
Counsel for Appellees-Defendants

---

[2] Petitioners' position is that substituting new individuals is not strictly necessary because the three original class representatives were removed after the filing of the class certification motion. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019). Nonetheless, in the interest of efficiency, Petitioners do not oppose substituting new named individuals.

2