# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Docket No. 25-10534

W.M.M., F.G.M., and A.R.P., *et al.*,

*Petitioners – Appellants*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Respondents – Appellees*

**On Appeal from**
United States District Court for the Northern District of Texas,
No. 1:25-cv-59-H

**PETITIONERS-APPELLANTS' UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYMS**

Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: samdur@aclu.org
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org

Lee Gelernt
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: agorski@aclu.org

E: cwofsy@aclu.org

Brian Klosterboer
Tx Bar No.  24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org

E: ptoomey@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(212) 549-2500
E: khuddleston@aclu.org

*For Petitioners-Appellants
W.M.M., F.G.M., A.R.P., et al.*

*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar*

# INTRODUCTION

Petitioners T.I.A., N.I.I., E.A.A., R.I.U., and D.A.A. respectfully move, without opposition, for permission to proceed under pseudonyms in the above-captioned case.[1] The district court previously granted leave for the originally-named Petitioners—W.M.M., A.A.R.P., and F.G.M—to proceed under pseudonyms. *See* Dist. Ct. Dkt. No. 9. The same protection is warranted for the new proposed class representatives Petitioners.

The named Petitioners are challenging the Presidential Proclamation entitled the "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua" (the "Proclamation") and its implementation that threatens them, and others similarly situated, with summary removal from United States.

Petitioners ask this Court to permit them to proceed pseudonymously because the complaint, declarations, and subsequent filings will contain highly sensitive and personal information about their immigration status and history. The government will know the identities of the Petitioners and will not be prejudiced in their ability to litigate the case. The public's interest in knowing the identity of the Petitioners, which are currently unknown to the public, is minimal. And Petitioners will provide

---

[1] The Government is unopposed to this motion and the relief it seeks but does not necessarily agree with all of the positions, arguments, or characterizations set forth.

the Court with their full names. Thus, this Court should protect the Petitioners' safety and liberty interests and grant the Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the complaint "name all the parties." *See also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). But this Court, like others, has recognized that courts are permitted "to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). When considering a plaintiff's request to proceed anonymously, this Court considers the totality of the circumstances, including the following factors: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intentions to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Courts also consider (4) potential threats of violence, (5) the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and (6) fairness to the public. *See Doe v. Bd. Of Supervisors of University of Louisiana Sys.*, No. 22-cv-00338, 2022 WL 17070549, at *2 (M.D. La. Nov. 17, 2022).

# ARGUMENT

The *Stegall* factors weigh in favor of granting Petitioners' anonymity here. Petitioners are challenging only governmental activity—summary removals under the Proclamation. This case contains highly sensitive and personal information about Petitioners' immigration status and physical characteristics. The rights that Petitioners seek to protect by remaining anonymous do not prejudice the federal government's ability to litigate the legality of the Proclamation, and Petitioners will provide their identities to the Court.[2]

## I. Petitioners Are Challenging Governmental Conduct (Factor 1).

The only adverse party here is the federal government, and all Respondents are sued in their official capacity, which supports anonymity because suits against the government involve no injury to the government's reputation. *See S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x 862, 866 (11th Cir. 2020) (noting district court's finding that plaintiff's action challenged government activity and therefore this factor weighed in favor of granting anonymity).

## II. Pseudonyms Are Necessary to Protect Highly Sensitive and Personal Information (Factor 2).

Courts, including the district court in this case, have routinely treated immigration matters, like the ones here, that disclose personal information, as

---

[2] The only remaining *Stegall* factor, number 3, is not at issue here.

3

involving "sensitive and personal information about their immigration status and histories" warranting pseudonyms. Dist. Ct. Dkt. No. 9 at 1 (district court below); *see also D.B.U. v. Trump*, No. 25-cv-01163, 2025 WL 1101149, at *1 (D. Colo. Apr. 14, 2025) ("numerous courts have recognized the unique vulnerabilities of asylum seekers and similarly situated individuals and allowed them to proceed pseudonymously as a result") (cleaned up); *M.M. v. Mayorkas*, No. 24-cv-2090, 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024) (granting motion to proceed anonymously where "[t]he facts underlying [p]laintiff's claim" involved a "highly sensitive and personal matter"); *M.O. v. Mayorkas*, No. 23-cv-06609, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) (permitting plaintiff, an asylum seeker, to proceed under a pseudonym). Here, Petitioners' immigration status and histories, including fears of persecution in Venezuela, coupled with their physical characteristics that would risk them being (wrongly) identified as TdA members under the Proclamation, are highly sensitive, personal information that warrants granting anonymity.

### III.   Pseudonyms Are Necessary Because Petitioners Are Likely Face Physical Harm in Venezuela or Third Countries (Factor 4).

The Proclamation targets Venezuelan noncitizens who are designated by the government as members of TdA. Petitioners fear retaliation in the form of physical violence in Venezuela or third countries if their identities were to be revealed and if

4

they were to be removed for being erroneously identified as members of TdA under the Proclamation. Courts have granted anonymity in similar situations, including the district court in this case. *See* Dist. Ct. Dkt. No. 9 at 1; *see also Doe v. Att'y Gen., U.S.*, 307 F. App'x 636, 636 n.1 (3d Cir. 2009) (permitting noncitizen petitioner to proceed with a pseudonym based on "legitimate concerns about his safety" if removed from the United States).

And the families of suspected members of TdA are vulnerable. Petitioners reasonably fear retaliation for themselves and for their families from participating in this lawsuit if their identities were revealed. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("[C]ourts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."); *Doe #1 v. Syracuse Univ.*, No. 18-cv-0496, 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) ("There is plainly a serious stigma associated with allegations of this nature and, should their identities be made public, plaintiffs could be permanently marked as possessing the character traits attributed to them by [defendants]."). Prior litigation over the Proclamation has resulted in worldwide publicity. Public disclosure of Petitioners' names runs a risk of identifying their family, thus potentially putting those family members at risk.

### IV. The Government Will Not Be Prejudiced, and the Public Interest Weighs in Favor of Allowing Petitioner to Proceed Pseudonymously (Factors 5 and 6).

Granting anonymity will not prejudice the government's ability to litigate the case. There is no reputational damage to government respondents, and the government already knows Petitioners' identities. *See Doe v. CoreCivic, Inc*, No. 20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) ("Defendants are already aware of [Plaintiff's] identity"). Accordingly, Respondents will suffer no harm, and will not face any barriers to mounting a defense to the claims if Petitioner proceeds anonymously, and do not oppose this motion.

In contrast with the Petitioners' heightened interest in confidentiality, the public's interest in knowing their identities is minimal. Although the *issues* in this lawsuit are a matter of significant public concern because they involve governmental entities and actors, the identity of the Petitioners will add little to the public understanding of the case—*i.e.*, the lawfulness of the Proclamation and its implementation by Respondents. *See CoreCivic*, 2020 WL 3640058, at *2 (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [plaintiff's] actual identity."). The public will have access to the filings and proceedings in this case. The use of a pseudonym would not hinder the public's right to information about the

6

ultimate legal questions at issue. Thus, the public interest weighs in favor of granting the Petitioner's motion.

## CONCLUSION

Petitioners respectfully request that this Court grant their Motion to proceed under a pseudonym.

| | |
|---|---|
| Dated: February 17, 2026 | Respectfully submitted, |
| | /s/Lee Gelernt |
| Spencer Amdur | Lee Gelernt |
| Noelle Smith | Daniel Galindo |
| Oscar Sarabia Roman | Ashley Gorski |
| My Khanh Ngo | Patrick Toomey |
| Cody Wofsy | Omar Jadwat |
| AMERICAN CIVIL LIBERTIES | Hina Shamsi |
| UNION FOUNDATION | AMERICAN CIVIL LIBERTIES |
| 425 California Street, Suite 700 | UNION FOUNDATION |
| San Francisco, CA 94104 | 125 Broad Street, 18th Floor |
| T: (415) 343-0770 | New York, NY 10004 |
| F: (332) 220-1702 | T: (212) 549-2660 |
| E: samdur@aclu.org | F: (332) 220-1702 |
| E: nsmith@aclu.org | E: lgelernt@aclu.org |
| E: osarabia@aclu.org | E: dgalindo@aclu.org |
| E: mngo@aclu.org | E: agorski@aclu.org |
| E: cwofsy@aclu.org | E: ptoomey@aclu.org |
| | E: ojadwat@aclu.org |
| Brian Klosterboer | E: hshamsi@aclu.org |
| Tx Bar No.  24107833 | |
| Thomas Buser-Clancy | Kathryn Huddleston* |
| TX Bar No. 24078344 | AMERICAN CIVIL LIBERTIES |
| Savannah Kumar | UNION FOUNDATION |
| TX Bar No. 24120098 | 915 15th Street, NW, 7th Floor |
| Charelle Lett | Washington, DC 20005 |
| TX Bar No. 24138899 | T: (212) 549-2500 |
| Ashley Harris | F: (332) 220-1702 |
| TX Bar No. 24123238 | E: khuddleston@aclu.org |
| Adriana Piñon | |
| TX Bar No. 24089768 | *For Petitioners-Appellants* |
| ACLU FOUNDATION OF TEXAS, INC. | *W.M.M., F.G.M., A.R.P., et al.* |
| 1018 Preston St. | |
| Houston, TX 77002 | *Barred in Texas and Arizona only; |
| (713) 942-8146 | supervised by a member of the D.C. Bar* |
| bklosterboer@aclutx.org | |
| tbuser-clancy@aclutx.org | |
| skumar@aclutx.org | |

8

clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org

## CERIFICATE OF SERVICE

I certify that, on February 17, 2026, a true and correct copy of this document was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's CM/ECF document filing system, and on all counsel of record.

*/s/Lee Gelernt*
Lee Gelernt

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,313 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

*/s/ Lee Gelernt*
Lee Gelernt