# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Docket No. 25-10534

W.M.M., F.G.M., and A.R.P., *et al.*,

*Petitioners – Appellants*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Respondents – Appellees*,

**On Appeal from**
United States District Court for the Northern District of Texas,
No. 1:25-cv-59-H

## PETITIONERS' UNOPPOSED MOTION TO ADD CLASS REPRESENTATIVES

Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: samdur@aclu.org
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org

Lee Gelernt
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: agorski@aclu.org

E: cwofsy@aclu.org

Brian Klosterboer
Tx Bar No.  24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org

E: ptoomey@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(212) 549-2500
E: khuddleston@aclu.org

*For Petitioners-Appellants
W.M.M., F.G.M., A.R.P., et al.*

**Barred in Texas and Arizona only;
supervised by a member of the D.C.
Bar*

## INTRODUCTION

Petitioners move, without opposition, to add five new class representatives.[1] Additional petitioners are not necessary, in Petitioners' view, for this Court to reach the merits or to assess irreparable harm, because the challenged detention and removal practices under the Alien Enemies Act ("AEA") are inherently transitory and capable of evading review and also continue to carry consequences even for those already removed.[2] Nonetheless, as set forth in the parties' joint letter of February 4, Petitioners seek to add additional class representatives to promote judicial efficiency and to eliminate any doubt about the case's posture as it proceeds.

The proposed additional Petitioners are detained in the United States and are adequate representatives who remain subject to removal under the AEA and face the same imminent harms.

## BACKGROUND

Petitioners W.M.M., A.A.R.P., and F.G.M. filed this habeas class action in the Northern District of Texas on behalf of themselves and a proposed class subject to

---

[1] The Government is unopposed to this motion and the relief it seeks but does not necessarily agree with all of the positions, arguments, or characterizations set forth.

[2] The removal of the original named Petitioners does not moot the case or Petitioners' preliminary injunction motion. While some of the injuries flowing from Petitioners' imminent removal under the AEA may terminate once Petitioners are removed on other grounds, those injuries recur and remain as to other class members before full judicial review can be obtained. There is no dispute that this case has proceeded as a class action since remand, has been treated as such by the Supreme Court, and continues to present a live class-wide controversy.

removal under the AEA. On April 17, 2025, the district court denied Petitioners' request for a temporary restraining order and constructively denied Petitioners' motion for class certification. Dist. Ct. Dkt. No. 27. Petitioners sought emergency relief from this Court and then appealed the constructive denial of relief to the Supreme Court. The Supreme Court entered an administrative stay barring removal of any putative class member. *See A.A.R.P. v. Trump*, 605 U.S. 91 (2025).

The Supreme Court construed Petitioners' application as a petition for a writ of certiorari, granted certiorari and injunctive relief to the putative class, vacated this Court's judgment, and remanded to this Court for further proceedings. *See A.A.R.P.*, 605 U.S. at 94, 98–99 (2025). On remand, a panel of this Court granted a preliminary injunction, and this Court granted rehearing *en banc*. Following oral argument, the *en banc* Court directed the parties to provide "the complete immigration status of all three named petitioners." Dkt. No. 323 at 3. The parties filed a joint letter informing the Court that "[t]he government has removed all three named Petitioners—W.M.M., A.A.R.P., and F.G.M.—under the Immigration and Nationality Act." Dkt. No. 332 at 1. The parties further agreed that removal of the named Petitioners "does not preclude this Court from deciding the questions identified by the Supreme Court, including the statutory merits question," and the Petitioners "can substitute additional AEA detainees as named class representatives by filing a motion, directly in this Court to expedite matters." *Id.*

2

**ARGUMENT**

This case has proceeded as a class action, and other class members who remain detained in the United States present a live controversy with respect to the preliminary injunction motion and thus may be added as named Petitioners. *See* 1 William Rubenstein, Newberg & Rubenstein on Class Actions § 2:17 (6th ed. 2025) (noting that even "[w]hen mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives," including "before a ruling on class certification."); Fed. R. Civ. P. 21 (authorizing courts "at any time" to "add or drop a party."); *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1136 (5th Cir. 1982) (holding that "[a]lthough no formal order of certification was entered," the case was "in fact a class action," and that "members of the class may be substituted as named plaintiffs in order to preserve the action after the claims of the original named plaintiffs have become moot"); *id.* at 1140 (citation omitted) (stressing that because the parties treated the case as a class action, the court should not "ignore the substance of the proceeding . . . in favor of an excessively formalistic adherence" to procedural labels).

This case was filed as a class action and has been understood by the parties as seeking class-wide relief, as did the Supreme Court. *See A.A.R.P.*, 605 U.S. at 96–99 (noting "putative class"); *id.* at 99 (enjoining the government from removing any

putative class member under the AEA "pending order by the Fifth Circuit and disposition of the petition for a writ of certiorari").

The government has taken the same view and represented to this Court that it has treated the matter as involving a prospective class. *See* Oral Arg. at 54:38–54:43, *W.M.M. v. Trump*, No. 25-10534 (5th Cir. Jan 22, 2026) (en banc), https://perma.cc/R3U6-HYYG (Government attorney: "We've treated [this case] as a prospective class being in front of you").

The proposed additional representatives are: T.I.A., N.I.I., E.A.A., R.I.U., and D.A.A. *See* Exhibits 1–5 (Declarations of T.I.A., N.I.I., E.A.A., R.I.U., and D.A.A., respectively).[3] They are all adequate representatives who present a continuing live controversy fully aligned with the class claims. Like the original named Petitioners, the proposed Petitioners have been designated by the government as members of Tren de Aragua and, as a result, are subject to removal under the AEA. They were detained at the Bluebonnet Detention Facility and served AEA notices of removal. Like the class and original class representatives, they seek to challenge their removal under the Proclamation and the AEA on the grounds that the Proclamation does not satisfy the AEA and that they did not receive due process. And they all remain subject

---

[3] The declarations are submitted as Exhibits to this motion. Petitioners are also filing an unopposed motion to proceed under pseudonyms, as did the original class representatives. Petitioners will file a sealed motion with the full names and will also separately advise the government of the full names.

to the AEA and the imminent threat of removal on that basis, presenting ongoing and impending irreparable harm. *See* T.I.A. Decl. ¶¶ 7-10; N.I.I. Decl. ¶¶ 5-8; E.A.A. Decl. ¶¶ 5-7; R.I.U. Decl. ¶¶ 6-8; D.A.A. Decl. ¶¶ 7-9.[4]

Finally, the addition of these new petitioners as class representatives causes no prejudice to the government. To the contrary, the government agrees with Petitioners that they "can substitute additional AEA detainees as named class representatives." Dkt. No. 332 at 1. The substituted petitioners assert the same claims, seek the same relief, and are subject to the same defenses.

## CONCLUSION

The Court should grant Petitioners' motion to add class representatives.

---

[4] Petitioner T.I.A. is currently detained in Oklahoma but was transferred there from the Northern District of Texas after the filing of the habeas petition and motion for class certification. Because habeas jurisdiction attaches at the time of filing, he remains an appropriate class representative. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Dated: February 17, 2026

Respectfully submitted,

*/s/Lee Gelernt*

Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: samdur@aclu.org
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org

Brian Klosterboer
Tx Bar No. 24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS,
INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org

Lee Gelernt
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: agorski@aclu.org
E: ptoomey@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(212) 549-2500
E: khuddleston@aclu.org

*For Petitioners-Appellants
W.M.M., F.G.M., A.R.P., et al.*

*\*Barred in Texas and Arizona only;
supervised by a member of the D.C.
Bar*

6

aharris@aclutx.org
apinon@aclutx.org

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, a true and correct copy of this document was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's CM/ECF document filing system, and therefore served electronically on all counsel of record.


*/s/ Lee Gelernt*
Lee Gelernt

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,204 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

*/s/ Lee Gelernt*
Lee Gelernt