# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 13, 2026
Lyle W. Cayce
Clerk

_____

No. 25-10534

_____

W.M.M., *on their own behalf and on behalf of others similarly situated*;
F.G.M., *on their own behalf and on behalf of others similarly situated*;
A.R.P., *on their own behalf and on behalf of others similarly situated*,

*Petitioners—Appellants,*

*versus*

DONALD J. TRUMP, *in his official capacity as President of the United States*;
TODD WALLACE BLANCHE, *Acting Attorney General of the United States,
in his official capacity*; MARKWAYNE MULLIN, *Secretary of the United
States Department of Homeland Security, in his official capacity*; UNITED
STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS,
*Acting Director of the Director of United States Immigration and Customs
Enforcement, in his official capacity*; UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT; MARCO RUBIO, *Secretary of State,
in his official capacity*; UNITED STATES STATE DEPARTMENT; JOSH
JOHNSON, *in his official capacity as acting Dallas Field Office Director for
United States Immigration and Customs Enforcement*; MARCELLO
VILLEGAS, *in his official capacity as the Facility Administrator of* THE
BLUEBONNET DETENTION CENTER; PHILLIP VALDEZ, *in his official
capacity as Facility Administrator of* THE EDEN DETENTION CENTER;
JIMMY JOHNSON, *in his/her official capacity as Facility Administrator of*
THE PRAIRIELAND DETENTION CENTER; JUDITH BENNETT, *in her
official capacity as Warden of the Rolling Plains Detention Center*,

*Respondents—Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:25-CV-59

## PUBLISHED ORDER

Before ELROD, *Chief Judge*, and JONES, SMITH, STEWART, RICHMAN, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, WILLETT, HO, DUNCAN, ENGELHARDT, OLDHAM, WILSON, DOUGLAS, and RAMIREZ, *Circuit Judges*.

JENNIFER WALKER ELROD, *Chief Judge*, joined by JONES, SMITH, STEWART, RICHMAN, SOUTHWICK, GRAVES, HIGGINSON, WILLETT, HO, DUNCAN, ENGELHARDT, OLDHAM, WILSON, DOUGLAS, and RAMIREZ, *Circuit Judges*:[*]

In response to questions at oral argument and a later directive from the court, counsel for petitioners and the government revealed that the government has removed the three named petitioners in this case. As no named petitioners remain in the United States, petitioners therefore move to add five new class representatives on appeal. The government does not oppose the motion. We DENY this motion without prejudice.

As an initial matter, no class exists in this case. The district court has not certified any class—and has even declined to certify a class. What is more, petitioners have not shown that the proposed new class representatives are similarly situated to other members of the putative class such that, for example, "there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (explaining that "[a] party seeking class certification must *affirmatively demonstrate* his compliance with" Rule 23 (emphasis added)).

---

[*] JUDGE HAYNES concurs in the denial.

To the contrary, the proposed new class representatives appear uniquely situated. One has an approved asylum application. Another has applied for and received Temporary Protected Status, which was current and valid upon his detention under the Proclamation. Yet another has applied for lawful permanent residency. These facts suggest that these proposed representatives might not be removable "under other lawful authorities," notwithstanding the Supreme Court's prohibiting the government "from removing the named plaintiffs or putative class members in this action under the AEA pending order by" our court and disposition of any timely "petition for a writ of certiorari." *A.A.R.P. v. Trump*, 605 U.S. 91, 99 (2025).

Nor has the district court had an opportunity to find any facts with respect to whether these five proposed representatives should indeed represent the putative class. That court is in a much better position than we are to make factual determinations underlying the Rule 23 prerequisites. *See, e.g.*, *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 268 (5th Cir. 2007) (explaining that "a district court must 'resolve[] factual disputes relevant to each Rule 23 requirement and find [] that whatever underlying facts are relevant to a particular Rule 23 requirement have been established'" (alterations in original) (quoting *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)); *cf. Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502–03 (5th Cir. 2004) (recognizing the "essentially factual basis of the certification inquiry," including the determination that the Rule 23 requirements "are met," and "of the district court's inherent power to manage and control pending" litigation (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998))). Again, the district court even denied class certification in this case. Nevertheless, our denial of the motion to add class representatives here does not preclude any future determination by the district court to certify a class, to permit the petitioners to add or

substitute new class representatives, or to allow an amendment of the petition.

Therefore, IT IS ORDERED that petitioners' unopposed motion to add five new class representatives on appeal is DENIED without prejudice to any future determination by the district court regarding whether to allow the addition or substitution of class representatives and whether a class should be certified.